ARTHUR H. HOWLAND & others *vs.* JOHN R. ROOKE.

Suffolk.   January 24, 1893. — April 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Equity — Appeal — Question of Fact.*

On an appeal from the decree of a single justice in equity, the only question raised
was one of fact, and the evidence tended so strongly to support the decree that
the court was convinced that the appeal was frivolous.   *Held*, that the prevail-
ing party was entitled to double costs and interest at twelve per cent, and that
the decree should be affirmed with such modifications as were rendered neces-
sary by the lapse of time and the order for costs and interest.

BILL IN EQUITY, brought in the Superior Court by the plain-
tiffs as copartners, in order to obtain an accounting between
themselves and the defendant, and to restrain the defendant
from disposing of certain notes, and of certain bonds which he
held as collateral security for the notes, until the final disposi-
tion of the suit.

The bill alleged that the defendant had contracted with the
plaintiffs to furnish certain materials and to do certain work in
connection with the construction of waterworks for the town of
Maynard, and that the notes in question represented an amount
which would have been due from the plaintiffs to the defendant
under said contract had the work been properly done; that the
notes were given to the defendant upon the express understand-
ing that they were not given in payment of any debt admitted
by the plaintiffs to be due, but were given for the defendant's
accommodation; that the defendant had agreed to accept re-
newals of them until the work should have been accepted by
the water commissioners of the town; and that the work never
had been so accepted, but that nevertheless the plaintiffs had paid
the defendant a large amount on account, and owed him nothing.
The bill further stated that the defendant had given the plain-
tiffs notice that he intended to sell the bonds held as collateral
security in order to pay the notes.

The answer denied that the notes had been given on such
terms, and averred that they had been given in final and abso-

lute settlement of a claim for a much larger amount, to recover which the defendant had brought an action, and this action he had dismissed as a part of his settlement with the plaintiffs. At the hearing in the Superior Court a large amount of documentary evidence was introduced, which consisted of the correspondence between the parties relative to the notes, the notes themselves, the letters of the defendant to his attorney directing the dismissal of the defendant's action at law, etc. The other evidence was the oral testimony of the defendant and the plaintiff Howland, in respect to the character and circumstances of the transaction in which the notes in question were given. The court made a decree adjudging that the plaintiffs owed the defendant $2,690.96 on the notes, and ordering that this amount be paid out of a fund which the plaintiffs had deposited in the hands of the clerk of the court, and the plaintiffs appealed.

*E. Avery & G. M. Hobbs*, for the plaintiffs.

*S. H. Dudley*, for the defendant.

BARKER, J. The single question raised by the plaintiffs is whether, upon the evidence, a compromise settlement made by the parties on October 29, 1890, was final and absolute, or conditional. One of the plaintiffs and the defendant were the only witnesses examined, and their testimony was contradictory. But they both testified that, at the time of the settlement, the plaintiffs gave the defendant a negotiable promissory note with collateral security for the amount agreed upon; that when the note became due a portion of it was paid and the balance was renewed; and that payments of different amounts were subsequently made from time to time. The exhibits show no trace of any condition annexed to the settlement, although they indicate that both parties afterwards claimed that some items had not been considered in arriving at the compromise. Upon the whole, the documentary evidence bears strongly in favor of the defendant, who, at the time of the settlement, dismissed an action previously brought to recover the claims which he compromised. In addition, the plaintiff, who testified in this case that the settlement was conditional, admitted, upon cross-examination, that he had, on the day after it was made, testified in another case that he had paid the defendant in full all that he owed him by a payment equivalent to cash, giving him the bonds which the

plaintiffs seek to redeem as collateral for a note which it was arranged should be discounted so that he could get the money. The weight of the evidence is not only so strongly in favor of the defendant as to support the decree, but also to convince us that the plaintiffs' appeal is frivolous. The case calls for the imposition of double costs, and interest at the rate of twelve per cent by the year from the time when the appeal was taken, and the decree is to be affirmed with such modifications as are rendered necessary by the lapse of time and the order for double costs and interest. See St. 1883, c. 223, § 15. The modifications made necessary by this decision will be made in the Superior Court.

*So ordered.*